IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA BURGESS,

     Plaintiff,

vs.

JANET MAYFIELD and
JOHN CHRISTNER TRUCKING, LLC,

     Defendats.

## <u>NOTICE OF REMOVAL TO THE UNITED STATES<br>DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO</u>

COME NOW the Defendants, Janet Mayfield and John Christner Trucking, LLC (collectively "Defendants"), by and through their attorneys of record, YLAW, P.C., and file this Notice of Removal, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, for the removal of this action from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico on the following grounds:

1.     Plaintiff filed this civil action against Defendants in the Second Judicial District Court, County of Bernalillo, State of New Mexico.  Pursuant to D.N.M. LR-CIV 81.1, a copy of the Complaint for Personal Injuries is attached hereto as **Exhibit A**.

2.     Plaintiff is a citizen and resident of Bernalillo County, State of New Mexico. *See* Ex. A, ¶ 2.

3.     Defendant Janet Mayfield is a citizen and resident of the State of Oklahoma, and is domiciled in the State of Oklahoma. *See id*., ¶ 3. *See* U.S.C. § 1332(a)(1).

4.      John Christner Trucking, LLC is an Oklahoma Limited Liability Company with its principal place of business in Oklahoma. *See* Ex. A, ¶ 3. As a limited liability company, John Christner Trucking, LLC's "citizenship is determined by reference to the citizenship of each and every one of its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1235-36 (10th Cir. 2015).

5.      John Christner Trucking, LLC is an Oklahoma Limited Liability Company. JCT Holdings, LLC is an Oklahoma Limited Liability Company, which owns 100% of John Christner Trucking, LLC and is the sole member and manager of same. JCT Holdings Co., LLC's members are John Christner, Darryl Christner, and Daniel Christner, each of whom are citizens and residents of Oklahoma. Therefore, John Christner Trucking, LLC is a citizen of Oklahoma. *See* Corporate Disclosure Statement, filed concurrently.

6.      As a result, for purposes of 28 U.S.C. 1332(a), there is complete diversity of citizenship between Plaintiff and Defendants.

7.      Plaintiff's Complaint does not allege the amount in controversy. *See* Ex. A. "In the absence of an explicit demand for more than $75,000.00, the defendant must show how much is in controversy through other means." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008); *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1202 (D.N.M. 2012). The Tenth circuit, has identified additional means upon which a defendant may show the amount in controversy, including an estimate of the potential damages from the allegations in the complaint by looking at the combination of facts and theories of recovery set for in the complaint. *McPhail*, 529 F.3d at 955-56.

8.     Plaintiff's Complaint alleges she suffered "serious injuries," past, present, and future medical expenses and care, physical pain and suffering, property loss, loss of enjoyment of life, and punitive damages. Ex. A, ¶¶ 51-57.

9.     Additionally, counsel for Defendants attempted to determine if the amount in controversy exceeded $75,000.00 by communicating with Plaintiff's counsel regarding the value of the case and whether he could stipulate that the amount in controversy would not exceed $75,000.00. *See* email exchange between Christopher Winters and Brett Eaton, attached as **Exhibit B**; *see also McPhail*, 529 F.3d at 956 (10th Cir. 2008) (relying upon email correspondence wherein the parties discussed the value of the case and the plaintiff refused to concede amount in controversy did not exceed $75,000.00). Counsel for Plaintiff identified the amount of medical expenses, but stated he was not in a position to stipulate the amount in controversy would not exceed $75,000.00 at that time. *See* Ex. B.

10.     Plaintiff claims she incurred $23,212.06 in medical expenses. *See* Ex. B. Plaintiff's claim for compensatory damages should be added to her claim for punitive damages for purposes of determining the jurisdictional amount for removal. *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994) (relying upon *Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1976) ("punitive and actual damages can be aggregated to meet amount in controversy requirement").

11.     Although Defendants do not admit that Plaintiff has been damaged in any amount as the result of any acts or omissions of Defendants, a fair estimation of Plaintiff's damages based upon her claimed medical expenses, request for punitive damages, and other claimed damages shows the amount in controversy exceeds $75,000.00.

3

12.     Plaintiffs' Complaint is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332 and which is removable by Defendants under the provisions of 28 U.S.C. §1441 in that:

      a.     The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and

      b.     The matter in controversy is between citizens of different states.

13.     The Notice of Removal was filed with this Court within thirty (30) days after service of the Complaint and after Defendants had a good faith basis to assert that all requirements were satisfied. Defendant John Christner Trucking, LLC was served on May 10, 2021. *See* Acceptance of Service, attached as **Exhibit C.** Additionally, Janet Mayfield was served via courier on June 5, 2021.

14.     Defendants, immediately upon the filing of this Notice of Removal, gave written notice of the filing as required by 28 U.S.C. §1446 (d) and filed a copy thereof with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico, the Court from which this action is removed.

15.     Both Janet Mayfield and John Christner Trucking, LLC join in and consent to the removal action. *See* 28 U.S.C. § 1446(b)(2)(a).

16.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, the Defendants, Janet Mayfield and John Christner Trucking, LLC request that the above-entitled action be removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to this United States District Court for the District of New Mexico.

Respectfully Submitted,

YLAW, P.C.

*/s/ Brett C. Eaton*
S. Carolyn Ramos
Brett C. Eaton
4908 Alameda Blvd. NE
Albuquerque, New Mexico 87113
Telephone: (505) 266-3995
cramos@ylawfirm.com
beaton@ylawfirm.com

I HEREBY CERTIFY that on the 8th day of
June, 2021, I filed the foregoing electronically
through the CM/ECF system, which caused the
following parties or counsel to be served by
electronic means, as more fully reflected on the
Notice of Electronic Filing:

Christopher P. Winters
Fadduol, Cluff, Hardy & Conaway, P.C.
3301 San Mateo Blvd. NE
Albuquerque, NM 87110
(505) 243-6045
cwinters@fchclaw.com

*/s/ Brett C. Eaton*
Brett C. Eaton

5